**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Martin MEDRANO CANTU, also known as Juan Manuel Lopez, also known as Juan Moreno Garcia, also known as Juan Martin Campos–Cantu, Defendant–Appellant.**

No. 02–41577.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

---

James Lee Turner, John Richard Berry, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Anthony P. Troiani, Brownsville, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Juan Martin Medrano Cantu appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Cantu argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Cantu acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quo-

tation marks and citation omitted). The judgment of the district court is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.